# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

In the Matter of Ray A. Lord, Respondent.

Appellate Case No. 2017-001218

Opinion No. 27751
Submitted October 26, 2017 – Filed November 15, 2017

## PUBLIC REPRIMAND

Lesley M. Coggiola, Disciplinary Counsel, of Columbia,
for Office of Disciplinary Counsel.

J. Steedley Bogan, Bogan Law Firm, of Columbia for
Respondent.

**PER CURIAM:** In this attorney disciplinary matter, the Office of Disciplinary
Counsel and Respondent have entered into an Agreement for Discipline by
Consent (Agreement) pursuant to Rule 21 of the Rules for Lawyer Disciplinary
Enforcement (RLDE) contained in Rule 413 of the South Carolina Appellate Court
Rules (SCACR). In the Agreement, Respondent admits misconduct and consents
to the imposition of a confidential admonition or public reprimand. We accept the
Agreement and issue a public reprimand. The facts, as set forth in the Agreement,
are as follows.

## Direct Solicitation Letters

To market his legal services, Respondent sent direct mail solicitation letters to
potential clients who received traffic tickets. A recipient of one of the letters filed
a complaint with the Commission on Lawyer Conduct. In response to the
complaint in this matter, Respondent acknowledged the following violations of the
Rules of Professional Conduct in his solicitation letters:

1.  Respondent used the tagline "attorneys at law" on his law firm letterhead. The tagline was misleading because Respondent is a solo practitioner.

2.  Respondent claimed that he has "28 years experience both as a lawyer and former law enforcement officer" in his solicitation materials. Respondent acknowledges the claim was misleading because he has only been a lawyer and <u>former</u> law enforcement officer for sixteen years. Respondent's intention was to relay that he has twenty-eight years total experience as a law enforcement officer and as a lawyer combined.

3.  Respondent used the telephone number (844) FIXTICKET. Use of the phoneword is the equivalent of a nickname, tradename, or moniker and is likely to create unjustified expectations or an implication that he can achieve results by unethical means. Furthermore, the phoneword is a moniker that implies an ability to obtain a certain result.

4.  Respondent stated in his solicitation letters that he learned about the recipient's traffic ticket from "court records." Respondent's identification of the source of his information was not sufficiently specific.

## Website

Respondent's solicitation letter specifically referred the recipient to the website of Respondent's law firm. On his website, he claimed he has "unique insight into the South Carolina traffic laws that many other lawyers simply do not have." Respondent admits this claim cannot be factually substantiated.

## Online Lawyer Profile

The solicitation letter specifically referred the recipient to Respondent's profile on www.avvo.com ("AVVO"), a legal marketing website. AVVO creates profiles for attorneys without their consent, knowledge, or participation, then invites them to "claim" their profiles and participate in a variety of AVVO marketing activities, including "ratings," peer endorsements, client testimonials, and online contact with prospective clients. Respondent claimed his AVVO profile and used the website to

market his legal services. Accordingly, Respondent is responsible for its content and is ethically required to ensure his profile complies with the Rules of Professional Conduct. In connection with a prior disciplinary investigation in 2012, which is described below, Respondent agreed to add a disclosure regarding endorsements, testimonials, and reports of past results to his AVVO profile. This disclosure was required to be "clear and conspicuous." However, at the time Respondent added his disclosure in 2012, "clear and conspicuous" disclosures were not specifically defined. In July 2014, specific requirements for clear and conspicuous disclosures were added to the Rules of Professional Conduct. Respondent admits he did not revise his 2012 disclosure to conform with the new standards.

## Response to Negative Review

In 2012, the Office of Disciplinary Counsel (ODC) investigated an anonymous complaint alleging Respondent improperly responded to a negative review by a client on AVVO. The negative review, which included the client's first name, stated:

> [Respondent] works very closely with the Columbia area police departments, and knows many people in this system personally. After asking numerous times to retrieve a patrol car surveillance video due to overzealous police officers throwing me to the asphalt in handcuffs. (sic) He denied the video being of any help and ignored my requests. He in fact told me it was best to apologize to the officers even though I was not violent towards them in any way and did very little in reducing my violation and fine. What a waste of time and money. I honestly believe he was working with the officers, (his recent co-workers) the whole time.

Respondent's response, which was publicly accessible, stated the following:

> Here is the other side of the story. This client was charged with offenses that could have resulted in over a year in prison. I was able to negotiate with the prosecutor no jail time and no probation and a dismissal of the most serious charge and this was simply the best result possible. Of course, I try very hard to get all charges dismissed, but that is simply not realistic for some cases and I tell all clients that I cannot and do not guarantee any specific result. It's funny how this

3

client had no complaint with me 6 months ago when he was facing prison time and he left the courtroom a free man only having to pay a simple fine and now 6 months later is complaining. You can (sic) make everybody happy. The vast majority (over 95%) of my clients are very satisfied with my representation, but some people, no matter what you do, are always going to find something to nit-pick on. The fact that the video was never provided means nothing as it was not required for a conviction and the client could have easily have been convicted by the testimony of the 4 cops who were there and if we had gone to trial and lost, he would have been sitting in prison right now instead of being free. I never ignored my client's requests. The facts differ greatly from my former client's recollection and the recollection of several witnesses who were at the scene. This is just an ungrateful former client who now wants to "blame his lawyer" because of what "he" did. This is typical of a very young person who has a lot of growing up to do. To my former client: Do me a favor. The next time you are arrested, call a public defender and see what happens and after you sit in jail for 3 months they might get around to sending you a form letter. Good luck.

In April 2013, an Investigative Panel issued a confidential admonition to Respondent because the response disclosed information related to the representation of the client and negatively characterized public defenders.

In reviewing Respondent's AVVO profile in connection with the investigation of the current complaint, ODC discovered Respondent had not removed the offending post after receiving the admonition. Respondent never removed the offending post after receiving the admonition, which he admits he should have done.

**Rules of Professional Conduct**

Respondent admits his conduct violated the following Rules of Professional Conduct contained in Rule 407, SCACR: Rule 1.6 (a lawyer shall not reveal information relating to the representation of a client without client's informed consent); Rule 7.1 (a lawyer shall not make false, misleading or deceptive communications about the lawyer or the lawyer's services); Rule 7.1(a) (a communication violates the Rules of Professional Conduct if it contains a material misrepresentation of fact or omits a fact necessary to make a statement not materially misleading); Rule 7.1(b) (a communication violates the Rules of

Professional Conduct if it is likely to create an unjustified expectation about results the lawyer can achieve or implies the lawyer can achieve results by unethical means); Rule 7.1(c) (a communication violates the Rules of Professional Conduct if it compares the lawyer's services with other lawyers' services, unless the comparison can be factually substantiated); Rule 7.1(d) (a communication violates the Rules of Professional Conduct if it contains a testimonial or endorsement and does not clearly and conspicuously state that any result the endorsed lawyer or law firm may achieve on behalf of one client in one matter does not necessarily indicate similar results can be obtained for other clients); Rule 7.1(e) (a communication violates the Rules of Professional Conduct if it contains a nickname, moniker, or trade name that implies an ability to obtain results in a matter); Rule 7.2(i) (any disclosures or disclaimers regarding communications sent for advertising purposes must be of sufficient size to be clearly legible and prominently placed so as to be conspicuous to the viewer; if the advertising statement is made on a website or online profile, the disclaimer must appear on the same page as the statement requiring the disclosure or disclaimer); Rule 7.3(g) (any written communication prompted by a specific occurrence involving or affecting the intended recipient of the communication or a family member shall disclose how the lawyer obtained the information prompting the communication); Rule 7.5(a) (lawyer shall not use a firm name that is false or misleading); and Rule 7.5(d) (lawyers may state or imply that they practice in a partnership only when that is the fact).

Respondent also admits his conduct violated the Lawyer's Oath, Rule 402(h)(3), SCACR (a lawyer will maintain the dignity of the legal system).

Respondent admits these violations constitute grounds for discipline under Rule 7(a), RLDE, Rule 413, SCACR (it is a ground for discipline for a lawyer to violate the Rules of Professional Conduct).

## Conclusion

We find Respondent's misconduct warrants a public reprimand. Accordingly, we accept the Agreement and publicly reprimand Respondent for his misconduct.

**PUBLIC REPRIMAND.**

**BEATTY, C.J., KITTREDGE, HEARN, FEW and JAMES, JJ., concur.**

5